**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

BKV BARNETT, LLC

Plaintiff,

v.

ELECTRIC DRILLING TECHNOLOGIES, LLC

Defendant.

### PLAINTIFF BKV BARNETT, LLC'S COMPLAINT AND JURY DEMAND

Plaintiff BKV Barnett, LLC ("BKV Barnett") files this Original Complaint for Declaratory Judgment against Electric Drilling Technologies, LLC ("EDT") for breach of contract and declaratory judgment. In support, BKV Barnett respectfully shows the Court as follows:

### I. NATURE OF THE ACTION

1. BKV Barnett's claims are for declaratory relief, brought under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for breach of contract. BKV Barnett requests that this Court interpret the pertinent contract between it and EDT, and declare that BKV Barnett, its employees, and all members of "Company Group"[1] are (a) owed defense and indemnity by EDT related to the claims asserted by Matthew Lara in the lawsuit styled as Cause No.: CC-22-03168-A, *Matthew Lara v. CoServ Utilities Services, Inc., et al.*; pending in County Court at Law

---

1   As defined by the Master Service Contract. *See, infra* ¶ 12.

No. 1 of Dallas County, Texas (the "Lara Lawsuit"); and (b) and that insurance coverage exists for the allegations and demands made against BKV Barnett and all members of "Company Group" in the Lara Lawsuit, including defense and indemnity.

## II. PARTIES

2. Plaintiff BKV Barnett is a limited liability organized under the laws of Delaware with its principal place of business in Denver, Colorado. BKV Barnett's sole member is BKV Corporation, a Delaware corporation with its principal place of business in Denver, Colorado.

3. Defendant Electric Drilling Technologies, LLC is a limited liability company organized under the laws of Texas with its principal place of business in Dallas, Texas. Defendant Electric Drilling Technologies, LLC can be served through its registered agent, Brad Keating, at 19111 North Dallas Parkway, Suite 125, Dallas, Texas 75287. Plaintiff requests summons be issued for this Defendant.

## III. JURISDICTION & VENUE

4. As set forth below, the Master Service Contract between the parties provides that the parties consent to personal jurisdiction related to any litigation arising out of the Master Service Contract which is brought in any state or federal court residing in Denver, Colorado.

5. The claims for declaratory judgment in this Action are brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and Rule 57 of the Federal Rules of Civil Procedure.

6. The court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and/or (3) because BKV is a resident of Colorado and EDT is a resident of another state.

## IV. **PERTINENT FACTUAL BACKGROUND**

### A. Basic Facts Regarding the Master Service Contract

8. BKV Barnett and EDT entered into a BKV Barnett, LLC Master Service Contract dated August 20, 2021 (the "Master Service Contract").

9. A true and correct copy of the Master Service Contract is attached and incorporated to this Complaint as if fully set forth herein verbatim. *See* Ex. A (Aug. 20, 2021, Master Service Contract). The Master Service Contract contains various terms and conditions that speak for themselves, including, without limitation, provisions pertaining to defense, indemnity, insurance, governing law, and venue. T. Bradley Keating, President of EDT, electronically executed the Master Service Contract on behalf of EDC. *See* Ex. A, at 15. Lindsay Larrick, Vice President and General Counsel for BKV Barnett, executed the Master Service Contract for BKV. *See id.*

10. The Master Service Contract provides that the parties expressly consent to the jurisdiction of any state or federal court located in Denver, Colorado and irrevocably agree that "all actions, claims and disputes arising out of or in association with [the Master Service Contract] or the transactions contemplated [therein] shall be [litigated] in such courts and such courts shall have exclusive jurisdiction of such matter and neither Party shall have the right to contest such jurisdiction or venue." *See* Ex. A ¶ 14.1.

### B. The Master Service Contract contains express agreements regarding defense, indemnity, and additional insured status.

11. EDT agreed to defend and indemnify BKV Barnett and all members of Company Group as it related to claims being made by its employees and subcontractors, and grant BKV

Barnett primary additional insured status under applicable insurance policies for the same types of claims.

12. Specifically, EDT agreed to indemnify and defend BKV Barnett and its "Company Group" from (1) claims "made or asserted by" any member of "Contractor Group" or (2) claims arising out of or related to the presence of Contractor Group on any premises or facility owned, operated, or controlled by BKV Barnett. *See id.* ¶¶ 3.2, 4.1. The Master Service Contract defines "Company Group" as:

> a. BKV Barnett and its parent, subsidiaries, affiliated, and related companies, its partners, co-lessees and non-operating working interest owners and the directors, officers, partners, owners, members, managers, agents, representatives, employees, and invitees of any one or more of the persons or entities named or described above, and
>
> b. the contractors (and their subcontractors of any tier) of BKV Barnett and its parent, subsidiaries, affiliated, and related companies, and the employees, agents, representatives, and invitees of such contractors and subcontractors; provided, however, that the term "Company Group" shall not include any member of "Contractor Group." *See id.* ¶ 3.2.

13. "Contractor Group" includes EDT's contractors, its subcontractors of any tier, and invitees of EDT's contractors and subcontractors. *See id.* § 3.2. Additionally, EDT was required by the Master Service Contract to obtain and maintain Commercial General Liability and Umbrella/Excess Liability Insurance and have BKV Barnett named as an additional insured thereon. *See id.* ¶ 3.1; *see also id.* at Ex. B ¶¶ K(1), K(5).

**C. A member of "Contractor Group" has asserted claims against BKV Barnett related to his presence on premises operated by BKV Barnett.**

14. In early 2022, electrical facilities located at the 4100 Block of Wakefield Road,

Justin, Texas (the "Facility") which provided electrical power to equipment on BKV Barnett's rig site was struck by lightning. This lightning strike damaged certain equipment used to supply power to BKV Barnett's rig equipment. The damaged power transmission equipment required repairs

15. BKV Barnett contracted with EDT to repair the damages caused by the lightning strike. In turn, EDT sub-contracted with Turn Key Electrical to provide some or all of the necessary repairs. Upon information and belief, Matthew Lara was an employee of Turn Key Electrical at the time of the incident made the basis of his claims.

16. In late March 2022, BKV Barnett received written notice of potential personal injury claims from Matthew Lara ("Lara") related to an incident which occurred at the Facility on March 22, 2022. *See* Ex. B (Mar. 31, 2022, Not. Claims). No lawsuit had been filed at the time of this March 31, 2022, Notice.

17. On June 3, 2022, BKV Barnett tendered defense and indemnity for the Lara claims and demanded additional insured status—in writing. *See* Ex. C (June 3, 2022, Tender & Demand). EDT responded and stated the June 3, 2022, Tender and Demand was premature as no claims had actually been asserted by Lara.

18. On June 16, 2022, Lara filed the Lara Lawsuit in Dallas County, Texas asserting claims against BKV Barnett and other parties related to the March 22, 2022, incident. *See* Ex. D (June 16, 2022, Lara Orig. Pet.). On June 23, 2022, BKV Barnett again sent written correspondence tendering defense and indemnity of Lara's claims to EDT and demanding it acknowledge BKV Barnett is owed additional insurance coverages under EDT's policies. *See* Ex. E (June 23, 2022, Supp. Demand).

19. Despite sending multiple written follow-up emails to EDT, it has refused to provide any substantive response to the tender and demand correspondence and has completely failed to acknowledge its contractual obligations. BKV Barnett can only presume EDT denies it has such obligations.

20. To compound EDT's recalcitrance, on September 27, 2022, Denton County Electric Cooperative d/b/a CoServ Electric ("CoServ") tendered a demand for defense and indemnity to BKV Barnett for claims asserted against it in the Lara Lawsuit. *See* Ex. F (Sept. 27, 2022, CoServ Demand). The CoServ Demand has been forwarded to EDT, but it has refused to acknowledge its obligation to defend and indemnify CoServe under the terms of the Master Service Contract.

## V.   FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT

21. BKV Barnett incorporates the facts and allegations contained in the foregoing paragraphs by reference as if fully restated herein verbatim.

22. BKV Barnett requests a declaration under the clear and unambiguous terms of the Master Service Contract. Specifically, BKV Barnett requests the Court interpret and apply the terms of the Master Service Contract and declare:

   a. The Master Service Contract is a valid and enforceable agreement;

   b. BKV Barnett is a legal beneficiary of the terms of the Master Service Contract;

   c. EDT is bound by the terms of the Master Service Agreement;

   d. BKV Barnett and all affiliated entities have materially complied with all its obligations under the Master Service Contract;

   e. The Master Service Contract contains valid, enforceable defense provisions

requiring EDT to defend BKV Barnett and all members of Company Group from all claims asserted by Lara in the Lara Lawsuit;

  f. The Master Service Contract contains valid, enforceable indemnity provisions requiring EDT to indemnify BKV Barnett and all members of Company Group from all claims asserted by Lara in the Lara Lawsuit;

  g. The Master Service Contract contains valid, enforceable insurance provisions requiring EDT to obtain and maintain certain minimum insurance limits for the benefit of BKV Barnett and all members of Company Group;

  h. The valid, enforceable insurance provisions in the Master Service Contract require EDT's insurer(s) to grant BKV Barnett and all members of Company Group additional insured status relating to the claims asserted against BKV Barnett and all members of the Company Group in the Lara Lawsuit; and

  i. EDT has breached the Master Service Contract by failing to defend, indemnify, and grant additional insured status to BKV Barnett and all members of the Company Group involved in the Lara Lawsuit.

### VI. SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT

  23. BKV Barnett incorporates the facts and allegations contained in the foregoing paragraphs by reference as if fully restated herein verbatim.

  24. BKV Barnett and EDT entered into a valid, binding Master Service Contract in August 2021. Pursuant to the express written terms of the Master Service Contract, EDT owes BKV Barnett and all members of Company Group defense, indemnity, and additional insured status regarding Lara's claims and pending lawsuit.

25. BKV Barnett has made multiple written demands on EDT for it to honor its contractual obligations for defense, indemnity, and additional insurance coverage. EDT has refused to acknowledge its contractual duties and has effectively rejected BKV Barnett's and Company Group's demands. Accordingly, EDT has materially and substantially breached the Master Service Contract.

26. BKV Barnett has performed all its obligations under the Master Service Contract.

27. EDT's material, substantial, and ongoing breaches of the Master Service Contract has caused and is continuing to cause BKV Barnett damages.

## VII. THIRD CLAIM FOR RELIEF – ATTORNEYS' FEES

28. BKV Barnett incorporates the facts and allegations contained in the foregoing paragraphs by reference as if fully restated herein verbatim.

29. BKV Barnett seeks recovery of its attorneys' fees and litigation costs and expenses.

WHEREFORE, Plaintiff BKV Barnett, LLC prays Defendant Electric Drilling Technologies, LLC be cited to answer, and that upon final trial of this cause, Plaintiff BKV Barnett, LLC respectfully requests that it has judgment over and against Defendant Electric Drilling Technologies, LLC to recover its actual damages, attorneys' fees, prejudgment and post judgment interest at the maximum lawful rate, and costs of court.

Plaintiff BKV Barnett, LLC, pray the court enter judgment declaring:

a. The Master Service Contract is a valid, enforceable agreement;

b. BKV Barnett is a beneficiary of the terms of the Master Service Contract;

c. EDT is bound by the terms of the Master Service Agreement;

d. BKV Barnett has materially complied with all its obligations under the Master

Service Contract;

e. The Master Service Contract contains valid, enforceable defense provisions requiring EDT to defend BKV Barnett and all members of Company Group from all claims asserted by Lara in the Lara Lawsuit;

f. The Master Service Contract contains valid, enforceable indemnity provisions requiring EDT to indemnify BKV Barnett and all members of Company Group from all claims asserted by Lara in the Lara Lawsuit;

g. The Master Service Contract contains valid, enforceable insurance provisions requiring EDT to obtain and maintain certain minimum insurance limits for the benefit of BKV Barnett and all members of Company Group;

h. The valid, enforceable insurance provisions in the Master Service Contract require EDT's insurer(s) grant BKV Barnett and all members of Company Group additional insured status as relating to the claims asserted against BKV Barnett and all members of the Company Group in the Lara Lawsuit; and

i. EDT has breached the Master Service Contract by failing to defend, indemnify, and grant additional insured status to BKV Barnett and all members of the Company Group involved in the Lara Lawsuit.

Plaintiff BKV Barnett, LLC also request all such other and further relief, at law or in equity, to which it may show itself justly entitled.

## JURY DEMAND

A trial by jury is requested on all claims so triable.

Respectfully submitted this 17th day of January 2023.

        *s/ Victor M. Morales*
        Victor M. Morales
        McElroy, Deutsch, Mulvaney & Carpenter, LLP
        5600 South Quebec Street, Suite C100
        Greenwood Village, CO  80130
        Telephone:     (303) 293-8800
        Facsimile:      (303) 839-0036
        E-Mail:            vmorales@mdmc-law.com
        *Attorneys for Plaintiff*