IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00139-PAB-SBP

BKV BARNETT, LLC,

    Plaintiff,

v.

ELECTRIC DRILLING TECHNOLOGIES, LLC,

    Defendant.

---

**ORDER**

---

    This case comes before the Court on the parties' Joint Motion to Vacate the Court's September 26, 2024 Order [Docket No. 57] and Plaintiff's Notice of Settlement in Principle and Request to Vacate Pretrial Order Deadlines [Docket No. 56]. On September 26, 2024, the Court denied plaintiff BKV Barnett, LLC's motion for summary judgment and ordered that plaintiff show cause why summary judgment should not enter in favor of defendant Electric Drilling Technologies, LLC. Docket No. 55 at 16. Trial is scheduled to begin on December 16, 2024. Docket No. 52 at 1.

    The parties make three arguments in favor of the Court vacating its September 26, 2024 summary judgment order. First, they argue that the Court should vacate that part of the Order requiring plaintiff to show cause why summary judgment should not be granted against plaintiff. Docket No. 57 at 2. They base their request on the fact that the parties have "agreed in principle to settle" the instant matter. *Id.* at 1, ¶ 2. The parties cite Fed. R. Civ. P. 60(b)(5) for the proposition that requiring plaintiff to show

cause why summary judgment should not enter "is no longer equitable" as "this civil action is resolved rendering the issues before the Court moot, so it would be inequitable to require the Parties to incur further fees and expenses to prepare and file the briefing required by the Court's Order." *Id*. at 1–2, ¶ 3.  Second, the parties argue that, under Rule 60(b)(6), "the absence of a justiciable controversy provides the Court with another reason justifying the relief sought by this Motion." *Id*. at 2, ¶ 3.  The parties state that the show cause order "was not final, and the briefing ordered thereby could have necessitated the Court [sic] vacate the Order." *Id*.  Third, plaintiff requests that the Court vacate upcoming deadlines, including the trial preparation conference and jury trial, to allow them 45 days to draft and execute a settlement agreement.  Docket No. 56 at 1.  The Court will address each argument in turn.

The parties' reliance on Rule 60(b)(5) and (6) is misguided.  Rule 60(b) provides that a court can relieve a party from "a *final* judgment, order or proceeding."  Fed. R. Civ. P. 60(b) (emphasis added).  The show cause order was not a final order, as the parties themselves note.  Docket No 57 at 2, ¶ 3.

Even if Rule 60 were the appropriate vehicle for the parties to seek relief, they have failed to justify why relief is necessary under Rule 60(b)(5) and (6).  They assert that applying the show cause order prospectively is no longer equitable under Rule 60(b)(5) because "this civil action is resolved rendering the issues before the Court moot, so it would be inequitable to require the Parties to incur further fees and expenses to prepare and file the briefing required by the" show cause order.  Docket No. 57 at 1–2, ¶ 3.  Yet, the "inequity" alleged by the parties could have been avoided had they simply asked the Court to vacate or postpone plaintiff's deadline to show cause.  In

doing so, the parties could avoid "incurr[ing] further fees and expenses to prepare and file the briefing" under the show cause requirement.  *Id*.  However, instead of moving to vacate or extend the show cause deadline, Docket Nos. 56, 57, the parties ask the Court to vacate an otherwise valid court order ruling on plaintiff's motion for summary judgment.

Next, the parties appear to argue that the requirement for plaintiff to show cause should be vacated under Rule 60(b)(6) because there is an "absence of a justiciable controversy."  Docket No. 57 at 1–2, ¶ 3.  Sometimes referred to as a "catch-all provision," *see United States v. Headley*, 2023 WL 6240090, at *3 (10th Cir. Sept. 26, 2023), Rule 60(b)(6) provides that a final judgment, order, or proceeding can be amended or withdrawn for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  The Tenth Circuit has limited Rule 60(b)(6)'s application, noting that "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."  *Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 579 (10th Cir. 1996).  Further, relief under Rule 60(b)(6) "is even more difficult to attain" than under other Rule 60(b) provisions and "is appropriate only when it offends justice to deny such relief."  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotation marks and citation omitted); *see also Garcia v. Berkshire Life Ins. Co. of Am.*, No. 04–cv–01619–LTB–BNB, 2008 WL 5104813, at *6 (D. Colo. Dec. 3, 2008).

Putting aside the fact that Rule 60(b)(6) is inapplicable because there has been no final order, the parties have not shown that there is an "absence of a justiciable controversy."  Docket No. 57 at 1–2, ¶ 3.  In fact, the opposite is true.  There is a still a

3

justiciable controversy given that the parties have not reached a settlement agreement, but are merely working on one. Docket No. 56 at 1. While negotiating a settlement agreement can be a sufficient reason to justify a stay in certain circumstances, *see String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (listing the factors to be weighed in deciding whether to stay proceedings), the parties fail to cite any cases that support the proposition that settlement talks, or even a settlement, provides justification to vacate an order on a summary judgment motion.

"Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (quotation omitted). "Settlement does not justify vacatur" absent "exceptional circumstances." *Id.* at 29. While it is desirable to encourage settlement, there are "significant countervailing considerations" a court must weigh before vacating an order. *Oklahoma Radio Assocs. v. F.D.I.C.*, 3 F.3d 1436, 1444 (10th Cir. 1993). A court must consider that a "policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse." *Id.* In fact, economic modeling has shown that the prospect of vacatur does not encourage settlement, but rather encourages parties to engage in "speculative litigation" because parties believe that an unfavorable outcome of litigation can simply be vacated through a settlement agreement conditioned on vacatur. Jill Fisch, *Rewriting History: The Propriety of Eradicating Prior Decisional Law Through Settlement and Vacatur*, 76 Cornell L. Rev.

4

589, 637 (1991).  The primary manner in which parties may seek relief from the "legal consequences of judicial judgments" is through the appeals process. *U.S. Bancorp Mortg. Co.,* 513 U.S. at 27.  It would "disturb the orderly operation of the federal judicial system" if a court were to "allow a party . . . [to] step[] off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment." *Id*.  None of the principles discussed in these cases support vacating the Court's summary judgment order.

Plaintiff invoked the jurisdiction of the Court to resolve its claims against defendant.  Had the parties wished to resolve the dispute in a matter that did not involve public proceedings, there were ways to do so.  For example, the parties could have submitted the dispute to binding arbitration.  The parties did not choose that option and therefore cannot now expect that orders relating to the dispute, properly entered and unrelated to settlement, will now be vacated.

While the Court encourages the parties' effort to resolve this matter amicably, the Court will not vacate the trial preparation conference or the trial until there is an actual settlement.

Therefore, it is

**ORDERED** that the parties' Joint Motion to Vacate the Court's September 26, 2024 Order [Docket No 57] is **DENIED.**  It is further

**ORDERED** that Plaintiff's Notice of Settlement in Principle and Request to Vacate Pretrial Order Deadlines [Docket No. 56] is **DENIED.**

DATED November 20, 2024.

BY THE COURT:

Philip A. Brimmer
Chief United States District Judge

6